REC'D MAY 2 8 2020

1
2
3
4
5
6
7

Donald Iwuchuku, Esq. (SBN 181726)
Law Office of Donald Iwuchuku
3450 Wilshire Blvd., # 1020
Los Angeles, CA 90010
Phone: (213)-380-4144
Fax:    (213)-380-6061

Attorneys for Plaintiffs:
Cheyennena Bedonie
Toni Battle



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 01 2020

L. VILLANUEVA

AP
JUN 0 4 2020
R

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE – CENTRAL DISTRICT

| | |
|---|---|
| Cheyennena Bedonie an individual; Toni Battle, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>Costco Wholesale Inc; and DOES 1 thru 20, inclusive,<br><br>Defendants. | Case No.: **RIC   2001382**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Assault**<br>2. **Battery**<br>3. **Intentional Infliction of Emotional Distress**<br>4. **False Imprisonment**<br>5. **Negligent Hiring**<br>6. **Negligent Infliction of Emotional Distress**<br><br>**JURY TRIAL DEMANDED** |



COMES NOW PLAINTIFFS ALLEGE AS FOLLOWS:

1.     Plaintiff Cheyennena Bedonie is an individual residing in the County of Riverside, State of California.

2.     Plaintiff Toni Battle is an individual residing in the county of Riverside, State of California

3.     Based upon information and belief plaintiffs alleges that Defendant Costco Wholesale Inc. hereinafter known as ("Costco") is a corporation doing business in California and operate a wholesale store located at 5030 Hamner Avenue, Eastvale, CA 91752.

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

4.     Plaintiffs are ignorant of the true names and capacities, whether corporate, partnership, association, individual or otherwise, of defendants sued herein as DOES 1 through 20 inclusive. Plaintiffs therefore sue said individuals under the provisions of sections 474 of the California Code of Civil Procedure.

5.     Plaintiffs are informed and believes, and on that basis allege that defendants DOES 1 through 20 inclusive are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiffs. Plaintiffs will amend this complaint to set forth the true names and capacities of said fictitiously named Defendants, together with appropriate charging allegations when their true names are ascertained.

6.     Plaintiffs are informed and believe, and on that basis allege that at all times mentioned herein each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other defendants, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to the Plaintiff for the relief prayed for herein.

7.     Jurisdiction and venue are proper in this Court because at least one of the parties is a resident of Riverside County at all times relevant herein. The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

8.     On or about August 21, 2019 Plaintiffs visited defendant's store located at 5030 Hamner Avenue in Eastvale California. Plaintiffs visited the store to purchase items. During the time plaintiffs were shopping, Plaintiff Bedonie was approached by two individuals who later identified themselves as employees for defendant. One of the employees, identified as "Mark", asked Bedonie to accompany them to

COMPLAINT FOR DAMAGES - page: 2

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

a back room in the store. They later stopped at a certain location in the store before getting to the back room. "Mark" began to make demands of Plaintiff Bedonie. He ordered her to move boxes in the aisle and empty her purse in front of other patrons. Plaintiff Bedonie then began to walk away from "Mark".

9. "Mark" then followed plaintiff Bedonie as she walked towards the exit and jumped in front of Bedonie and bumping her with his chest three times. He then used his legs to trip Bedonie and pushed her with his hands at the same time in an effort to impede her movement. This caused Bedonie to lose her balance and fall to the ground. Plaintiff Bedonie struggled to defend herself but "Mark" continued to punch her as she lay on the ground. When Bedonie finally got to her feet "Mark" pulled her by the arm and shoulder and continued to physically assault her. Witnesses including plaintiff Toni Battle, who is Bedonie's mother, began yelling at Mark to stop the assault.

## FIRST CAUSE OF ACTION
## FOR ASSAULT AGAINTS ALL DEFENDANTS.

10. Plaintiffs restate and incorporate by reference as if fully set forth herein paragraphs 1 through10 of the general allegations, and by this reference incorporates said allegations as part of this FIRST CAUSE OF ACTION

11. In doing the acts as alleged above, defendants intended to cause or to place plaintiff Bedonie in apprehension of a harmful or offensive contact with plaintiff's person. "Mark" was acting for the benefit of Defendant Costco. The above described action resulted from a dispute arising out of Mark's employment. The attack was an outgrowth of Mark's work. The attack leading to plaintiff Bedonie's injuries arose solely from the performance of Mark's duties and his entire association with Plaintiff arose out of his employment with defendant Costco.

12. As a result of the defendants' act as alleged above, plaintiff Bedonie was in fact placed in great apprehension of being pushed down and struck in her body as she

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

lay defenseless on the ground.   At no time did plaintiff Bedonie consent to the acts described above. As a direct and proximate result of Defendant's actions as described above, Plaintiff Bedonie has continued to suffer special, general and consequential damages, the precise amount to be proven at trial. As a direct and proximate result of the wrongdoing, as described above, plaintiff Bedonie has been injured in her health, strength, and activity, and has sustained permanent injuries to her body and mind. It is believed and thereby alleged that all of said injuries have caused and continue to cause Plaintiff Bedonie intense anxiety, emotional distress, fear, pain, apprehension, and other distress secondary to the aforementioned injuries and damages. It is believed that Plaintiff Bedonie has also suffered other injuries, the exact nature and extent of which are unknown at this time, and will ask leave of court to assert the same when they are ascertained. The aforementioned injuries have generally damaged this plaintiff in a sum well above the jurisdictional minimum of this court.

13.    As a direct and proximate result of the wrongdoing, as described above, Plaintiff Bedonie has been injured in her health, strength, and activity, and has sustained permanent injuries to her mind and body. It is believed and thereby alleged that all of the said injuries have caused and continue to cause her intense anxiety, emotional distress, fear, pain, apprehension, and other distress secondary to the aforementioned injuries and damages. It is believed that she has also suffered other injuries, the exact nature and extent of which are unknown at this time, and will ask leave of court to assert the same when they are ascertained. The aforementioned injuries have generally damaged her in a sum well above the jurisdictional minimum of this Court.

14.    As a further proximate result of the Defendant's aforementioned conduct, Plaintiff Bedonie has suffered and continues to suffer harm, including but not limited to humiliation, embarrassment, and mental anguish in an amount in excess of the jurisdictional threshold of this court, to be proven by evidence at the time of trial.

COMPLAINT FOR DAMAGES - page: 4

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

15.   Defendants' conduct as described above was done with malice, oppression, and a willful and deliberate act in conscious disregard of the probability of causing injury to Plaintiff Bedonie. Plaintiff seeks compensatory and punitive damages in order to deter them from such conduct in the future.

## SECOND CAUSE OF ACTION

## FOR BATTERY AGAINTS ALL DEFENDANTS

16.   Plaintiffs by this reference incorporate in this cause of action each and every allegation of paragraphs 1 through 16 of this Complaint as though fully set herein.

17.   As stated above, on or about August 20, 2019 defendant Costco's employee identified as "Mark" followed plaintiff Bedonie as she walked towards the exit and jumped in front of Bedonie and bumped her in the chest three times. "Mark" then used his legs to trip Bedonie and push her at the same time in an effort to impede her movement causing her to fall to the ground. Plaintiff Bedonie struggled to defend herself but "Mark" continued to punch her when she was on the ground. When Bedonie got to her feet "Mark" pulled her by the arm and shoulder and continued to physically assault her. Witnesses, including plaintiff Toni Battle who is Bedonie's mother began yelling at "Mark" to stop the assault.

18.   Mark was acting for the benefit of Defendant Costco. The above described action resulted from a dispute arising out of Mark's employment. The attack was an outgrowth of Mark's work. The attack leading to plaintiff Bedonie's injuries arose solely from the performance of Mark's duties and his entire association with Plaintiff arose out of his employment with defendant Costco.

19.   As a direct and proximate result of Defendant's actions as described above, Plaintiff Bedonie has continued to suffer special, general and consequential damages in excess of the jurisdictional limit of this court, the precise amount to be proven at trial. As a direct and proximate result of the wrongdoing, as described above, plaintiff Bedonie has been injured in her health, strength, and activity, and has sustained permanent injuries to her body and mind. It is believed and thereby

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

1  alleged that all of said injuries have caused and continue to cause Plaintiff

2  Bedonie intense anxiety, emotional distress, fear, pain, apprehension, and other

3  distress secondary to the aforementioned injuries and damages. It is believed that

4  Plaintiff Bedonie has also suffered other injuries, the exact nature and extent of

5  which are unknown at this time, and Plaintiff Bedonie will ask leave of court to

6  assert the same when they are ascertained. The aforementioned injuries have

7  generally damaged this plaintiff in a sum well above the jurisdictional minimum

8  of this court.

9      20.    As a direct and proximate result of the wrongdoing, as described above, Plaintiff

10  Bedonie has been injured in her health, strength, and activity, and has sustained

11  permanent injuries to her mind and body. It is believed and thereby alleged that

12  all of the said injuries have caused and continue to cause Plaintiff Bedonie intense

13  anxiety, emotional distress, fear, pain, apprehension, and other distress secondary

14  to the aforementioned injuries and damages. It is believed that Plaintiff Bedonie

15  has also suffered other injuries, the exact nature and extent of which are unknown

16  at this time, and plaintiff will ask leave of court to assert the same when they are

17  ascertained. The aforementioned injuries have generally damaged Plaintiff in a

18  sum well above the jurisdictional minimum of this Court.

19      21.    As a further proximate result of the Defendants' aforementioned conduct, Plaintiff

20  Bedonie has suffered and continue to suffer harm, including but not limited to

21  humiliation, embarrassment, and mental anguish in an amount in excess of the

22  jurisdictional threshold of this court, to be proven by evidence at the time of trial.

23      22.    Defendants' conduct as described above were done with malice, oppression, and a

24  willful and deliberate act in conscious disregard of the probability of causing

25  injury to Plaintiff. Plaintiff seeks compensatory and punitive damages in order to

26  deter them from such conduct in the future.

27

28

COMPLAINT FOR DAMAGES - page: 6

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.    Plaintiffs by this reference incorporates in this cause of action each and every allegation of paragraphs 1 through 23 of this Complaint as though fully set herein.

24.    Through their conduct described above, Defendants and each of them intended to cause, or had reckless disregard of the probability of causing, emotional distress to the plaintiffs.  The conduct of Defendants, and each of them was outrageous and malicious done with the intent to cause severe emotional and physical distress, humiliation, mental anguish. "Mark" was acting for the benefit of Defendant Costco. The above described action resulted from a dispute arising out of Mark's employment. The attack was an outgrowth of Mark's work of loss prevention for Defendant. The attack leading to plaintiff Bedonie's injuries arose solely from the performance of Mark's duties and his entire association with Plaintiff Bedonie arose out of his employment with defendant Costco.

25.    As a direct, foreseeable, and proximate result of defendants' acts and conduct as described above, plaintiff Bedonie has suffered and continues to suffer bodily injury, humiliation, embarrassment, and severe mental and emotional distress, all to his damages in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.


## FOURTH CAUSE OF ACTION FOR FALSE IMPRISONMENT

26.    The allegations set forth in paragraphs 1 through 26 of this Complaint are re-alleged and incorporated herein by reference.

27.    Through the actions described herein on or about August 21, 2019 defendants intentionally confined plaintiff without lawful justification. As stated above, Plaintiff Bedonie was walking towards the exit when "Mark" jumped in front of

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

her and began to physically assault Bedonie thereby violently preventing her from leaving.

28. ___"Mark" was acting for the benefit of Defendant Costco. The above described action resulted from a dispute arising out of "Mark's" employment. The attack was an outgrowth of his work. The attack leading to plaintiff Bedonie's injuries arose solely from the performance of Mark's duties and his entire association with Plaintiff Bedonie arose out of his employment with defendant Costco.

29. Plaintiff Bedonie did not consent to such confinement.

30. As a direct, foreseeable and proximate result of defendants' willful, knowing and intentional actions, Plaintiff Bedonie has suffered and continues to suffer humiliation, embarrassment, mental anguish, emotional distress and discomfort, all to his damages, the precise amount which will be proven at trial.

## FIFTH CAUSE OF ACTION FOR NEGLIGENT HIRING

31. The allegations set forth in paragraphs 1 through 31 of this Complaint are re-alleged and incorporated herein by reference.

32. Plaintiff Bedonie was harmed by "Mark" and defendant Costco is responsible for the injuries suffered by plaintiff Bedonie at the hand of "Mark" because Costco was negligent in its hiring, supervision or retention of "Mark".

33. Mark was unfit or incompetent to perform the work for which Costco hired him and defendant Costco knew or should have known that "Mark" was unfit/incompetent and as such his unfitness and incompetence created a risk to others and Plaintiff Bedonie.

34. Mark's unfitness and incompetence did harm plaintiff Bedonie and defendant Costco's negligence in hiring, supervising or retaining him was a substantial factor in causing this particular plaintiff harm.

35. As a direct, foreseeable and proximate result of defendants' willful, knowing and intentional actions, Plaintiff Bedonie has suffered and continues to suffer

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

humiliation, embarrassment, mental anguish, emotional distress and discomfort, all to his damage, the precise amount which will be proven at trial.

## SIXTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36.   The allegations set forth in paragraphs 1 through 36 of this Complaint are re-alleged and incorporated herein by reference.

37.   Plaintiff Toni Battle suffered serious emotional distress by the actions of "Mark" as described above and defendant Costco is responsible for the damages suffered by Battle.

38.   Defendants negligently caused the injuries suffered by Plaintiff Bedonie.

39.   During the time "Mark" was violently assaulting Bedonie, Plaintiff Battle was present and witnessed most of the assault. Plaintiff Battle was aware that Mark's violent assault on Bedonie was causing Bedonie severe physical injuries and humiliation. Plaintiff Battle suffered serious emotional distress during and after the violent physical assault on Bedonie by Mark.

40.   Defendant's conduct was a substantial factor in causing Plaintiff Battle's serious emotional distress including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame

41.   As a direct, foreseeable and proximate result of defendants' willful, knowing and intentional actions, Plaintiff Battle has suffered and continues to suffer suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, all to his damage, the precise amount which will be proven at trial.

WHEREFORE, Plaintiffs prays for judgment be entered in their favor and against Defendants, and each of them, for:

1.  All special damages in the sum of $80,000 or according to proof;

2.  General damages in the sum of $1,000,000 or according to proof;

COMPLAINT FOR DAMAGES – page: 9

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

3. Exemplary and punitive damages in the sum of $500,000 or a sum appropriate to punish Defendants and set example for others;

4. Costs for suit; and

5. Such other and further relief as the Court may deem proper

Date: April 18, 2020                    By:      *donaldiwuchuku*
                                                 Donald Iwuchuku

                                                 Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES – page: 10

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury

Dated: April 18, 2020

By: *donaldiwuchuku*
Donald Iwuchuku
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES – page: 11

Don Iwuchuku, Esq
3450 Wilshire Blvd., #1020
Los Angeles, CA 90019